**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| BERNARD P. FLINN, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) 1:10-cv-01039-TWP-DML |
| | ) |
| SUPERINTENDENT, MIAMI | ) |
| CORRECTIONAL FACILITY, | ) |
| | ) |
| Respondent. | ) |

**Amended Entry Discussing Petition for Writ of Habeas**
**Corpus and Denying Certificate of Appealability[1]**

For the reasons explained in this Entry, the petition of Bernard P. Flinn for a writ of

habeas corpus (Dkt. 1) must be **denied** and the action dismissed with prejudice. In

addition, the court finds that a certificate of appealability should not issue**.**

**I.**

**A.**

Flinn was convicted in an Indiana state court of one count of class C felony corrupt

business influence, seven counts of class D felony theft, and three counts of class D felony

loan broker violation. His convictions were affirmed on appeal in *Flinn v. State,* 563 N.E.2d

536 (Ind. 1990). Flinn now challenges his convictions through his petition for a writ of

habeas corpus. The respondent filed his answer (Dkt. 36) on January 26, 2011, wherein

he moves the court to dismiss the petition with prejudice as untimely filed.

---

[1] This Amended Entry supersedes the Entry issued on April 4, 2011, which mistakenly recited that the action would be dismissed without prejudice. That was error. "The dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice, barring relitigation." *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 ((7th Cir. 2005); *see also Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003) (per curiam) ("We hold today that a prior untimely [§ 2254] petition does count [as an adjudication on the merits] because a statute of limitations bar is not a curable technical or procedural deficiency. . . ."). The Judgment accompanying the earlier Entry correctly dismisses the action with prejudice, and requires no alteration.

**B.**

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. § 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief.

**C.**

The facts pertinent to the computation of the statute of limitations are the following:

! Flinn's direct appeal was decided by the Indiana Supreme Court in 1990.

! There was no properly filed petition for post-conviction relief pending in the Indiana state courts after April 23, 1996.

! Flinn's habeas petition is not dated, but was filed with the Clerk of the United States District Court, Indianapolis Division, on August 19, 2010.

**D.**

The legal significance of the foregoing facts is the following:

! Flinn's direct appeal was resolved by the Indiana state courts, and his conviction became final, prior to the April 23, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA").

! A 1-year grace period applies to petitioners whose convictions were final prior to the effective date of the AEDPA. *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir. 1996) (en banc), *reversed on other grounds,* 521 U.S. 320 (1997). That describes Flinn's situation. He therefore had through April 24, 1997, in which to file his federal habeas petition. See *Fernandez v. Sternes,* 227 F.3d 977, 978 (7th Cir. 2000).

! The AEDPA's statute of limitations expired more than 13 years before Flinn filed his petition for a writ of habeas corpus.

The statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000). Flinn's habeas petition was filed after the statute of limitations expired.

## E.

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Flinn has encountered the hurdle produced by the 1-year statute of limitations and he has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. Flinn's claims that his failure to timely file a habeas petition was due to problems with lawyers and the death of his state post-conviction lawyer, are unavailing. There is no constitutional right to counsel on post-conviction collateral review and a lawyer's mistake are not a valid basis for equitable tolling. See *Taliani v Chrans*, 189 F.3d 597, 598 (7th Cir. 1999), and *Johnson v McCaughtry*, 255 F.3d 559, 566 (7th Cir. 2001). The petition for a writ of habeas corpus is therefore **dismissed with prejudice, as untimely filed.** The Judgment heretofore entered on April 4, 2011, dismissing the action with prejudice shall remain in effect.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Flinn has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 04/28/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to:

Bernard P. Flinn
#875516
Miami Correctional Facility
3038 W. 850 South
Bunker Hill, IN 46914-9810

James Blaine Martin
james.martin@atg.in.gov